United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTEROBJECTS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>EBAY, INC.,<br><br>        Defendant. | Case No.: 3:12-cv-680 JSC<br><br>**ORDER RE: DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. No. 36)** |

Plaintiff MasterObjects, Inc. alleges infringement by Defendant eBay, Inc. on two patents relating to systems and methods for asynchronously returning search information from a server to a client within a session.[1] Now pending before the Court is eBay's Motion for Partial Summary Judgment of invalidity for indefiniteness (Dkt. No. 36). eBay contends that the meaning of the terms "increasingly relevant" and "increasingly appropriate" depend entirely on the subjective intent of the user and are therefore indefinite as a matter of law. Having considered the parties briefing and having had the benefit of oral argument on February 6, 2013, the Court DENIES the motion without prejudice.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

MasterObjects alleges eBay infringes U.S. Patent Nos. 8,060,639, "System and Method for Utilizing Asynchronous Client Server Communication Objects (the "'639 Patent") and, 8,112,529, "System and Method for Asynchronous Client Server Session Communication," (the "'529 Patent"). The invention disclosed in the '639 Patent relates to an asynchronous information search and retrieval system to be utilized for "interactive database searching, data entry, online purchasing, and other applications." '639 Patent Col. 1:38-40. The invention disclosed in the '539 Patent relates to a "session-based bi-directional multi-tier client-server asynchronous search and retrieval system and retrieval system." '539 Patent Col. 1:17-20. A stated goal of the inventions was to create a new search paradigm to provide instant search results character by character as the user types.

Prior to any expert discovery and shortly before MasterObjects' claim construction brief was due, eBay filed the underlying motion for partial summary judgment based on indefiniteness. eBay contends claims 44 and 45 of the '529 Patent and claims 1 and 13 of the 639 Patent are invalid because the terms "increasingly relevant content" and "increasingly appropriate content or search criteria" are indefinite. The Court heard oral argument on the summary judgment motion following the claim construction hearing on February 6, 2013 and filed its Claim Construction Order on March 28, 2013. The parties did not ask the Court to construe the terms upon which eBay's summary judgment motion is based.

## LEGAL STANDARD

As in any other civil action, summary judgment is proper in a patent infringement action when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995). The Court must draw "all reasonable inferences [and] resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). A fact is material if it "might affect the outcome of the suit under the

governing law," and an issue is genuine if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There can be "no genuine issue as to any material fact" when the moving party shows "a complete failure of proof concerning an essential element of the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Defendant, as the moving party, has the burden of producing evidence negating an essential element of each claim on which it seeks judgment or showing that Plaintiff cannot produce evidence sufficient to satisfy her burden of proof at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once Defendant meets that burden, Plaintiff, as the non-moving party, must show that a material factual dispute exists. *California v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998). Allegations alone are not sufficient to meet Plaintiff's burden; instead, Plaintiff must submit admissible evidence. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

Federal Rule of Civil Procedure 56(d) (formerly 56(f)) allows a court to defer summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The nonmoving party must submit an affidavit explaining how the additional discovery is essential to defeating summary judgment to be entitled to a Rule 56(d) continuance. *California v. Campbell*, 138 F.3d 723, 779 (9th Cir. 1998). "Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery where the non-moving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 842, 846 (9th Cir. 2001) (internal quotation marks and citation omitted).

**DISCUSSION**

eBay has moved for partial summary judgment on claims 44 and 45 of the '529 Patent and claims 1 and 13 of the 639 Patent on the ground that the terms "increasingly relevant

content" and "increasingly appropriate content or search criteria" are indefinite. Claims 44 and 45 describe the process wherein "while the user is entering the one or more additional characters, [the server] suggests a set of *increasingly appropriate* content or search criteria from the plurality of databases, to the client, for further use by the client within the same session." '529 Patent Col. 39:48-52, Col. 40:17-20 (emphasis added). Claims 1 and 13 describe how the server "asynchronously returns, while the increasingly lengthening query string is being entered by the user at the input filed at the client, *increasingly relevant* content to the client." '639 Patent Col. 41:33-35, Col. 42:51-54 (emphasis added). eBay contends that the terms are fatally indefinite because they have no objective meaning and instead depend entirely on the subjective opinion of a particular user.

The requirement that claims be sufficiently "definite" is set forth in 35 U.S.C. § 112, ¶ 2: "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." "The definiteness inquiry focuses on whether those skilled in the art would understand the scope of the claim when the claim is read in light of the rest of the specification." *Union Pacific Resources Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 692 (Fed. Cir. 2001). To "accord respect to the statutory presumption of patent validity," a claim should be found indefinite "only if reasonable efforts at claim construction prove futile." *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001).

A claim is not indefinite simply because its meaning is not ascertainable from the face of the claims. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1311, 1342 (Fed. Cir. 2003). Nor is a claim indefinite simply because it covers "some embodiments that may be inoperable." *Exxon Research & Eng'g Co.*, 265 F.3d at 1382. Rather, "[a] claim will be found to be indefinite only if it is insolubly ambiguous, and no narrowing construction can properly be adopted." *Id. at* 1375. "Proof of indefiniteness requires such an exacting standard because claim construction often poses a difficult task over which expert witnesses, trial courts, and even the judges of this court may disagree." *Halliburton Energy Services, Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008) (internal quotations and citations omitted).

Thus, indefiniteness is established only by "clear and convincing evidence that one of ordinary skill in the relevant art could not discern the boundaries of the claim based on the claim language, the specification, the prosecution history, and the knowledge in the relevant art." *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 783 (Fed. Cir. 2010).

eBay relies on *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1350 (Fed. Cir. 2005), to support its argument that "increasingly relevant" and "increasingly appropriate" are indefinite as a matter of law. *Datamize* involved a software program that allowed a person to author user interfaces for electronic kiosks. The district court held that each asserted claim was invalid because the term "aesthetically pleasing" was indefinite. The Federal Circuit affirmed. The court first held that "[t]he scope of claim language cannot depend solely on the unrestrained, subjective opinion of a particular individual purportedly practicing the invention. . . . . Some objective standard must be provided in order to allow the public to determine the scope of the claimed invention." *Id.* at 1350. Thus, a purely subjective construction of "aesthetically pleasing" would render the patent invalid as indefinite. *Id.* The court then examined whether the intrinsic record, prosecution history, and extrinsic evidence, including expert opinion, provided any reasonable, definite construction for the term "aesthetically pleasing." The court ultimately concluded that the patent "fail[ed] to provide any objective way to determine whether the look and feel of an interface screen [wa]s 'aesthetically pleasing.'" *Id*. at 1356.

eBay posits that "increasingly relevant" and "increasingly appropriate" are likewise incapable of a reasonable and definite construction. It contends that there is nothing in the intrinsic record or prosecution history that provides any objective construction of the terms; instead, the terms' meaning depends solely on a particular user's objective opinion as to whether the content is "increasingly relevant" or "increasingly appropriate."

MasterObjects' opposition is two-fold. First, it counters that the specification describes a process for determining "increasingly relevant" and "increasingly appropriate" that is both objective and empirical because as the query string lengthens based on the additional characters inputted by the user the results become increasingly focused and

5

relevant. Thus, "while the user may begin with a 'secret' intent, that intent is *revealed*, objectively, as the user types a lengthening search request." (Dkt. No. 39, 9:21-22 (emphasis in original).) MasterObjects characterizes this process as forming an "objective correlation between an increasingly lengthy search request and increasingly relevant, or appropriate, or matching, content for that request." (Dkt. No. 39, 9:26-10:1.) MasterObjects thus suggests that the terms "increasingly relevant" and "increasingly appropriate" are synonymous with "increasingly matching" which is used in Claim 1 of the '529 Patent. Since eBay does not contend that "matching" is indefinite, the argument goes, "increasingly relevant" and "increasingly appropriate" must also not be indefinite: they mean the same objective process as matching.

Second, MasterObjects contends that pursuant to Federal Rule of Civil Procedure 56(d) eBay's motion should be denied as premature. In particular, MasterObjects contends that it has not had the opportunity to take discovery relevant to the indefiniteness argument. It asserts that it will have an expert and will need to depose any expert designated by eBay, as well as take 30(b)(6) depositions of eBay. The Court is unpersuaded by this argument. Nothing prohibited MasterObjects from submitting a declaration from its own expert. And it has no need to depose eBay's expert to defeat summary judgment since eBay is not relying on any expert testimony. The two out-of-district cases cited by MasterObjects are inapposite. In *CSB-System Int'l, Inc. v. SAP America, Inc.*, 2011 WL 3240838, at *18 (E.D. Pa. 2011), the court held merely that it would not declare a claim invalid on indefiniteness grounds in the context of the *Markman* proceeding; the defendant had not filed a summary judgment motion as eBay has done here. In *Bristo-Myers Squibb Canada Co. v. Mylan Pharmaceuticals ULC*, 2012 WL 1753670, at *7 (D. Del. 2012), the court refused to address indefiniteness because of factual disputes that required resolution at trial. In *Datamize*, in contrast, the district court considered—and decided—the defendant's motion for summary judgment on indefiniteness grounds before it ever held the claim construction hearing. *See generally* Dkt. 04-02777 (N.D. Cal.). The relevant question is whether MasterObjects has identified discovery from others that it requires to defeat summary judgment. It has not.

6

What is left, then, is MasterObjects' contention that "increasingly relevant" and "increasingly appropriate" mean essentially the same as "increasingly matching" and is therefore sufficiently definite. In its reply, eBay argues that "matching" cannot mean "increasingly appropriate" or "increasingly relevant" because during prosecution MasterObjects amended the language in Claim 1 of the '529 from "increasingly relevant" to "increasingly matching." eBay contends that the principles of claim differentiation mandate that these different terms found in different claims have different meanings. *See, e.g., Versa Corp. v. Ag-Bag Int'l Ltd.*, 392 F.3d 1325, 1330 (Fed. Cir. 2004).

The short answer is that the Court does not know. Since eBay raised its prosecution history and claim differentiation arguments in its reply in support of summary judgment, MasterObjects has not had an opportunity to respond. The Court cannot find as a matter of law by "clear and convincing evidence that one of ordinary skill in the relevant art could not discern the boundaries of the claim based on the claim language, the specification, the prosecution history, and the knowledge in the relevant art," *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 783 (Fed. Cir. 2010), without flatly rejecting MasterObjects' construction of "increasingly appropriate" and "increasingly relevant" as meaning essentially "increasingly matching." The Court is not comfortable with such outright rejection on this limited record.

Finally, eBay's assertion that MasterObjects has admitted—through statements at oral argument and in inventor testimony—that the meaning of "increasingly relevant" and "increasingly appropriate" is based on the subjective intent of the user is unconvincing. The cited claim construction argument clarifies that MasterObjects' position in the Yahoo! litigation is the same as here: as the user types in more characters, the responses become more relevant, that is, more matching and therefore presumably more relevant to the user. The dispute is really about whether it is proper to construe "relevant" or "appropriate" as meaning matching.

## CONCLUSION

For the reasons explained above, eBay's motion for partial summary judgment is denied without prejudice. At the case management conference currently scheduled for May 2, 2013, the parties should be prepared to discuss how and when eBay's indefiniteness argument should be resolved.

This Order disposes of Docket No. 36.

**IT IS SO ORDERED.**

Dated: April 3, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE