IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTEROBJECTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EBAY, INC., <br><br> Defendant. | Case No.: 3:12-cv-680 JSC <br><br> **ORDER RE: JOINT DISCOVERY LETTER BRIEF (Dkt. No. 73)** |

Now pending before is a joint discovery letter brief. (Dk. No. 73.) Defendant eBay, Inc. seeks to compel a Rule 30(b)(6) deposition and the deposition of Paul Eijpe in this District. After carefully considering the parties' written submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L. R. 7-1(b), vacates the August 22, 2013 telephone hearing, and rules as set forth below.

**A.  Location of the Deposition of Paul Eijpe**

Defendant moves to compel Plaintiff to produce Paul Eijpe, a resident of the Netherlands, to appear for a deposition in this District to testify as to topic six of Defendant's 30(b)(6) Notice. Plaintiff does not dispute, and the Court finds, that the testimony sought by Defendant is reasonably calculated to lead to the discovery of admissible evidence. The

parties' dispute is whether the deposition should occur here or in the Netherlands. *See* Dkt. No. 73 at 7 ("The issue is not whether MasterObjects will produce Paul Eijpe for deposition; it will. The only question is where that deposition should take place.").

> A party may unilaterally choose the place for deposing the opposing party, subject to the granting of a protective order by the Court pursuant to Federal Rule of Civil Procedure 26(c)(2) designating a different place. In determining the appropriate place for depositions, the trial court has broad discretion. However, as a general rule, "plaintiff will be required to make himself or herself available for examination in the district in which suit was brought." This rule is also applicable to plaintiff's agents and employees. This rule appears to be based not only upon the fact that Plaintiffs choose the forum but also upon pragmatic considerations. As stated in *Minnesota Mining & Manufacturing Co. v. Dacar Chemical Products, Co.*, 707 F.Supp. 793, 795 (W.D. Pa.1989), "as a rule depositions should be taken in the district where the action is being litigated. This not only permits predictability in prospective litigation, it also pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time."

*Lexington Ins. Co. v. Commonwealth Ins. Co.*, 1999 WL 33292943 *9 (N.D. Cal. Sep. 17, 1999). "However, if a party makes a showing of good cause, a court may order a deposition to take place elsewhere." *United States ex rel. Prather v. AT&T*, 2012 WL 6203081 (N.D. Cal. Dec. 12, 2012) (same).

Paul Eijpe, a former MasterObjects' officer, is currently one of only three MasterObjects' board members and a shareholder of the privately owned company. The Court therefore finds that the general rule stated above—that is, that the plaintiff is generally required to make himself available in the district where the plaintiff filed suit—applies. The Court also finds that MasterObjects has not demonstrated good cause for departing from this general rule. As Mr. Eijpe's deposition cannot occur before the close of discovery, the parties are granted leave to take Mr. Eijpe's deposition in this District by September 30, 2013. Such delay should not impact the other case deadlines.

**B. eBay's 30(b)(6) Notice**

As a preliminary matter, MasterObjects seeks to quash the entire Rule 30(b)(6) deposition notice on the ground that it is "egregiously overbroad." After several meet and

confer efforts, eBay reduced the number of topics in its 30(b)(6) Notice to 18. The Court declines to quash the notice in its entirety. First, while MasterObjects contends that eBay served the Notice merely to delay resolution of the case, MasterObjects does not explain how allowing the deposition will cause such delay and it is not self-evident, at least to the Court. Second, eBay is entitled to inquire as to the basis for MasterObjects'—as opposed to its experts'—allegations of harm. Third, while MasterObjects is not required to disclose privileged information, the Court finds that it is not improper for eBay to inquire as to MasterObjects' prefiling investigation with respect to this case. It is much less burdensome to ask deposition questions of a 30(b)(6) witness at this juncture than to reopen discovery after a dispositive ruling.

Accordingly, MasterObjects shall make a 30(b)(6) witness available for deposition. The deposition shall take place in this District prior to September 30, 2013. Again, the Court does not find good cause for departing from the general rule that a plaintiff be required to appear for deposition in the forum in which the plaintiff chose to file suit. MasterObjects' lament that it is a small company is not well-taken given that its counsel are located here and thus whether the deposition is here or in the Netherlands, someone on MasterObjects' side is going to have to travel overseas.

Although MasterObjects' letter brief does not explain why specific identified requests are overbroad, the Court finds that topic nos. 8, 12, 16, 17, and 18 are overbroad and unduly burdensome on their face. For example, with respect to topic no. 8, if there are particular types of communications with particular third parties that eBay believes would be relevant, then eBay should so specify. And topic 18, as currently written, requires MasterObjects' deponent to have knowledge of payments made to any employee, even a clerical employee, at any time. Such a request is impossible to comply with, unreasonable and does not appear calculated to lead to the discovery of admissible evidence.

If eBay wishes to include narrower versions of topics nos. 8, 12, 16, 17 and 18, then it shall provide MasterObjects with specific, narrow requests by Friday, August 23, 2013. If MasterObjects believes the requests are still overbroad and seek irrelevant discovery, then the parties must meet and confer in telephone by August 27, 2013. If a dispute remains following

3

the meet and confer, then the parties may submit a joint discovery letter regarding any remaining disputes about those topics on or before August 30, 2013. In the letter each party must specifically address each topic and the reasons why the topic does or does not seek relevant information. In the meantime, however, the parties shall schedule the Rule 30(b)(6) deposition.

This Order disposes of docket no. 73.

**IT IS SO ORDERED.**

Dated: August 21, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE