

Hosie | Rice LLP
ATTORNEYS AT LAW

Transamerica Pyramid, 34th Floor
600 Montgomery Street
San Francisco, California 94111
T: 415.247.6000  F: 415.247.6001

October 9, 2013

VIA E-FILING

Magistrate Judge Jacqueline Scott Corley
U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *MasterObjects, Inc. v. eBay, Inc.*,
Case No. C 12-0680 JSC

Letter Brief on MasterObjects' Motion
to Compel eBay to Produce 410 Pages of
Printed Source Code

Dear Judge Corley:

    MasterObjects brings this motion to compel eBay to produce an additional 410 pages of printed source code and send those pages to MasterObjects, as per the explicit terms of the governing Protective Order. MasterObjects' technical experts need this code to complete their expert reports. Although the MasterObjects experts designated less than ten percent of the code produced for inspection for copying, eBay argues that 410 pages is too much, too burdensome, and just plain invasive. eBay disagrees with MasterObjects' allegations, and maintains that it has simply requested that MasterObjects comply with the Protective Order in this case, and identify why printed copies of so much code in addition to the electronic copies already provided is reasonably necessary, as discussed herein, which MasterObjects has failed to do.

I. **MASTEROBJECTS' POSITION.**

    A fairly elaborate processing path underlies eBay's AutoComplete feature, the accused function here. The process includes modules loaded on the client's browser, which intercept the partial queries and send the lengthening strings to the front-end of the server system. There, the requests are packaged, processed, and forwarded to the eBay AutoSuggest server. The AutoSuggest process runs, provides predicted queries, provides content from a query and results cache, sends back the information to the eBay front-end server system, which packages the information, and then forwards it back to the browser modules. Throughout this process, eBay monitors "user activity" within a session, and indeed assigns every search session a unique global identifier, which is then used to track all activity session-by-session. All of the code required precisely relates to the accused function.

    The code review process in this case has been a little less than charmed. In the first review, the source code computer did not work, and eBay had to fly the witness from Houston to

Hosie | Rice LLP
ATTORNEYS AT LAW

Magistrate Judge Jacqueline Scott Corley
October 9, 2013
Page 2

Dallas. There, the consultant found that eBay had loaded just five short Java files, totaling about 40 pages of code in full. This led to motion practice, a compromise, and eBay then loaded something more completely approximating the relevant code base in mid-September. *See* Declaration of Spencer Hosie (meet and confer directly between lead trial counsel).

MasterObjects' two code reviewers, John Benfatto and Richard Smith, traveled to Houston in late September and reviewed this code base. During that review, they noted several other instances of missing code (now the subject of discussion with eBay), reviewed the code produced, and designated approximately just ten percent of the code for printing. This ten percent came to a total of about 480 pages of printed code. This ten percent relates directly to infringement, and, contrary to eBay's assertion below, of course server-side function is relevant.

Under the Protective Order, the experts print the code at eBay's lawyer's office, and then the eBay lawyers take custody of the printed pages to forward it to MasterObjects' counsel per the Protective Order. eBay's counsel has agreed to produce 70 pages of the 480 pages, the 70 pages relating directly to browser-side functionality. eBay insists, however, that it would be burdensome and intrusive to produce the remaining 410 pages. eBay says it does not understand why MasterObjects' experts need printed copies of the code to write the infringement and validity reports.

In this district, a plaintiff has an obligation to explicate source code in an infringement report; infringement is ours to prove. As is true for the plaintiff's Infringement Contentions, the plaintiff must walk through the code processing path, must tie function to code, and then tie the entire infringing system to the claims limitations. The code matters; the code details matter.

eBay has no legitimate basis to object to producing 410 pages. There is neither prejudice nor burden here. The parties are operating under the Local Rule 2.2 Model Protective Order, and that order specifically permits MasterObjects to print reasonable amounts of source code. The Order does not permit a blanket print request to substitute for a detailed live inspection, but that is not what happened here. To the contrary, MasterObjects' consultants spent days in Texas carefully reviewing over 4,000 pages of code, and then selected less than ten percent for copying. The reviewers are not permitted to take notes or otherwise record what they see; absent requesting printed pages, they would be forced to rely on unaided memory in writing detailed and technical expert reports. The printed code pages are subject to rigorous confidentiality requirements, must be separately maintained, and destroyed upon conclusion of the case.

There is absolutely no foundation for eBay's reckless allegations that MasterObjects' counsel intends to violate the Protective Order and compile the code. We most certainly do not.

eBay should produce the requested pages immediately. Plaintiff's expert reports are due November 4, 2013, and there is no real room to extend that scheduled date. As a certainty, eBay is going to argue that its system does not infringe. eBay should not be permitted to withhold the

Hosie | Rice LLP
ATTORNEYS AT LAW

Magistrate Judge Jacqueline Scott Corley
October 9, 2013
Page 3

very evidence eBay will then argue MasterObjects did not cite in eBay's non-infringement summary judgment motion.

**RELIEF REQUESTED**

MasterObjects respectfully requests that eBay be ordered to produce to MasterObjects the identified 410 pages of code.

**EBAY'S POSITION**

This is not a dispute regarding a refusal by eBay to make requested code available for review by MasterObjects' experts; the disputed code has been made available for review by MasterObjects. Indeed, eBay has agreed to make the code available again for additional electronic review by MasterObjects. This is a dispute over whether hundreds of pages of confidential source code must also be <u>printed in paper copy and provided to MasterObjects' experts</u>. Not mentioned in MasterObjects' portion of the letter brief is the fact that during the meet and confer related to this letter, eBay agreed to produce an additional 230 pages of printed code, (70 pages of the 500 pages originally requested, and an additional 160 pages of front end JavaScript code). In total eBay has already given MasterObjects printed copies of 283 pages of code. With the additional pages now demanded, MasterObjects will have requested printed copies of nearly 700 pages of code, which far exceeds what should be reasonably necessary for MasterObjects to complete its expert reports regarding the autocomplete feature. In accordance with the express terms of the Protective Order, eBay has objected to producing the additional 410 printed pages of code without an explanation from MasterObjects of why the requested code is reasonably necessary.

The Protective Order in this case contains very specific provisions regarding the production of source code. The Order expressly provides that a receiving party (MasterObjects) "may request paper copies of <u>limited portions of source code that are reasonably necessary</u> for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial...<u>but shall not request paper copies for the purpose of reviewing the source code</u> other than electronically as set forth in paragraph (c) in the first instance." Patent L.R. 2-2 Interim Model Protective Order, Section 9(d) (emphasis added). MasterObjects demanded printed copies of over 500 pages of code, most of which deals with server-side functionality that is not even addressed in the asserted MasterObjects' patents. Indeed, of the 4,000 pages of code MasterObjects alleges that its experts have reviewed, most applies to functionalities demanded to be produced by MasterObjects that are wholly unrelated to the accused feature. Accordingly, MasterObjects' argument that it only seeks a printout of a percentage of the code produced is inapt. In accordance with the Protective Order, eBay questioned MasterObjects' need for the requested volume of paper copies as being neither "limited" nor "reasonably necessary." eBay also requested an explanation in accordance with the Protective Order from MasterObjects to allow eBay to evaluate its request. However, MasterObjects' only response, as provided in its portion of this letter, is that it has an "obligation to explicate source code in an infringement

report." MasterObjects' response does not constitute any attempt to show that the requested code is reasonably necessary and does not provide eBay any reasonable basis to evaluate and consider the request. Furthermore, where source code is a trade secret, the requesting party "has the burden of establishing that the disclosure of the source code is both relevant and necessary to the action." *Synopsys, Inc. v. Nassda Corp.*, 2002 WL 32749138 at *1 (N.D.Cal.2002) (citations omitted). Consequently, on the current record, MasterObjects' request should be denied in accordance with the Protective Order.

eBay disputes MasterObjects' recitation of the facts herein, including the allegation that eBay has "sessions" and a "query and results cache." Indeed, there is no "elaborate process" for eBay's autocomplete feature to function, the majority of the functionality of which is basic to all websites operating today and none of which was invented by MasterObjects. Likewise, MasterObjects' unsupported claim that it invented the concept of autocomplete, is also wrong, as shown by the discussion of the prior art on the face of the asserted patents themselves. In fact, MasterObjects' patents have no description of content or server side activity, and refer only to content channels accessed by a client side autocomplete feature. Shield Decl., Ex. 1, Smit 30(b)(6) Dep. at 172:13-173:5 (patented technology was a black box that could be added to any web site); Shield Decl., Ex. 2, www.masterobjects.com (last visited October 8, 2013) ("Unlike similar "autosuggest" and "autocomplete" applications on popular websites (such as Amazon, YouTube, and iTunes), the patented QuestFields technology provides an out-of-the-box generic solution that works on any web page and connects to any content source."). Consequently, it is difficult to understand why MasterObjects has requested such a large amount of paper copies of highly confidential source code for server side functionality that is not even claimed in MasterObjects' patents. Accordingly, eBay suspects that MasterObjects' motivation here is not supported by any reasonable need for discovery.

It is true that there were technical difficulties on August 27, 2013, when MasterObjects' expert finally arrived in Houston for the initial code review (over two months after being advised that the code was available for his review). However, eBay acted quickly to correct the problem. eBay immediately purchased a plane ticket to fly MasterObjects' expert to Dallas that afternoon with an attorney for eBay to review a replacement source code machine. MasterObjects' expert initially spent part of two days at that time reviewing the code that directly related to eBay's past, present and proposed future incarnations for eBay's autocomplete feature.

Following the initial code review, MasterObjects' requested essentially all of the code for eBay's website, whether or not it was related to the autocomplete feature. eBay objected to this overbroad request. Indeed, a defendant is only required to produce limited portions of the code for the accused feature. *Nazomi Commc'ns, Inc. v. Samsung Telecommunications, Inc.*, C-10-05545 RMW, 2012 WL 1980807, at *3-4 (N.D. Cal. June 1, 2012). The purpose for a defendant to produce only the specific source code for the accused functionality identified in the infringement contentions is because there is substantial difficulty in producing source code for

Hosie | Rice LLP
ATTORNEYS AT LAW

Magistrate Judge Jacqueline Scott Corley
October 9, 2013
Page 5

the entirety of complex e-commerce web sites and systems. *Ameranth, Inc. v. Pizza Hut, Inc.,* 11CV1810 JLS NLS, 2013 WL 636936 at *6-8 (S.D. Cal. Feb. 20, 2013).

    eBay has already produced all of the code required for the accused autocomplete feature. Contrary to MasterObjects' implication herein that eBay conceded that its production was short in regard to the last letter brief, eBay made no such concession and had readily agreed to produce additional code before the last letter brief was even filed. (Dkt. No. 80, p.6). Due to the extensive sections of printed code currently requested, which include entire routines and subroutines, it appears that MasterObjects is improperly requesting "copies [of eBay's code] for the purpose of reviewing the source code other than electronically…" Patent L.R. 2-2 Interim Model Protective Order, Section 9(d). Additionally, based on the amount of code being requested, eBay is concerned that MasterObjects intends to input eBay's code provided in hard copy form into another computer for compilation in violation of the Protective Order. Consequently, eBay has requested an explanation for the need to have so many pages of hard copies of eBay's highly confidential source code, most of which is unrelated to the accused feature. MasterObjects has inexplicably failed to provide any meaningful explanation. Accordingly, eBay requests that the Court deny MasterObjects' request.

                      Respectfully submitted,

| /s/ Spencer Hosie | /s/ John H. Barr, Jr. |
|---|---|
| Spencer Hosie | John H. Barr, Jr. |
| HOSIE RICE LLP | BRACEWELL & GIULIANI, LLP |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| *MasterObjects, Inc.* | *eBay, Inc.* |