IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTEROBJECTS, INC., <br>     Plaintiff, <br>   v. <br> EBAY, INC., <br>     Defendant. | Case No. 12-00680 JSC <br><br> **ORDER RE: JOINT DISCOVERY LETTER BRIEF REGARDING PRODUCTION OF PRINTED SOURCE CODE (Dkt. No. 89)** |

Now pending before the Court is a Joint Discovery Letter Brief whereby Plaintiff MasterObjects, Inc.'s ("MasterObjects") seeks to compel Defendant eBay, Inc., ("eBay") to produce an additional 410 pages of printed source code. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES MasterObjects' motion to compel.

Pursuant to Northern District Local Rule 2-2, this case is governed by the Northern District Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Protective Order"). Under the Protective Order, a "Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of

reviewing the source code other than electronically as set forth in paragraph (c) in the first instance." *Id*. at ¶ 9(d). If the Producing Party objects to production of printed source code, the dispute is governed by the "dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the 'Challenging Party' and the Receiving Party is the 'Designating Party' for purposes of dispute resolution." *Id*. The Receiving/Designating Party bears the burden of persuasion in any dispute under Paragraph 6. *Id*. at ¶ 6.3.

Here, MasterObjects as the Receiving/Designating Party bears the burden of persuading the Court that the requested 410 pages of printed source code are necessary. MasterObjects has failed to carry its burden. In support of its motion, MasterObjects makes a perfunctory statement that "[i]n this district, a plaintiff has an obligation to explicated source code in an infringement report; infringement is ours to prove…the plaintiff must walk through the code processing path, must tie function to code, and then tie the entire infringing system to the claims limitations." (Dkt. No. 89 at p. 2.) Without the printed pages, MasterObjects contends that its experts would be "forced to rely on unaided memory in writing detailed and technical expert reports." (*Id.*) According to eBay, it has already produced 283 pages of printed source code.

MasterObjects has failed to demonstrate that it is entitled to anything more. If MasterObjects' bald insistence that its experts need the requested source code were sufficient to meet its burden, the limitation on producing only those printed copies that are "reasonably necessary" would be meaningless. The question is why the additional pages requested are necessary. As MasterObjects has not established why, its motion to compel further production of printed source code is DENIED.

This Order disposes of Docket No. 89.

**IT IS SO ORDERED.**

Dated: October 15, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE